UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **MARVIN LYNN HILDRETH, JR.,**<br><br>Plaintiff,<br>vs.<br><br>**CHAD SHEEHAN, et al.,**<br><br>Defendants. | NO. 5:23-cv-04010-LTS-KEM<br><br>**DEFENDNANT'S MOTION TO STRIKE PLAINTIFF'S PRO SE MOTION TO COMPEL (DOC 99) AND PLAINTIFF'S PRO SE MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC 101)**<br><br>**AND**<br><br>**REQUEST TO STAY TIME FOR RESPONSE TO DOC NOS. 99 AND 101 PENDING RECEIPT OF RULING ON PLAINTIFF'S MOTION TO EXTEND DEADLINES (DOC NO. 98)** |

COME NOW Defendants, pursuant to F.R.Civ.P. 12(f), and Move to Strike Plaintiff's Motion to Compel (Doc 99) and Plaintiff's Motion for Partial Summary Judgment (Doc 101). In support of their Motion, Defendants state as follows:

### I. Introduction

1. This is a pro se federal civil rights case brought pursuant to 42 U.S.C. § 1983 in which Plaintiff claims Defendants violated his constitutional rights by denying his right to free exercise under the First Amendment, opening legal mail to/from his attorney in violation of the Sixth Amendment, retaliating against him for filing grievances in violation of the First Amendment and failing to protect him from assault by another inmate in violation of the Fourteenth Amendment.

2. On April 19, 2024, the Court entered a Scheduling Order (Doc 13) in which the following deadlines were set:

1

      a.       Discovery – July 19, 2024;

      b.       Dispositive Motions - August 19, 2024; and

      b.       Narrative Written Statements (if no dispositive motions filed) – September 19, 2024.

3.      On July 2, 2024, Plaintiff filed a Motion to Extend Deadlines (Doc 44).

4.      On July 24, 2024, Plaintiff's Motion to Extend Deadlines was granted (Doc 62) and the following deadlines were set:

      a.       Discovery – September 4, 2024; and

      b.       Dispositive Motions – October 4, 2024.

## II. **The Legal Standard for Motions to Strike**

5.      F.R.Civ.P. 12(f) provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

6.      "The Court may strike procedurally improper or untimely filings from the docket under the Court's inherent power to control the cases on its docket and to sanction conduct which abuses the judicial process." *Fleshner v. Tiedt*, 2019 WL 271619 * 1 (N.D. Iowa 2019).

7.      The Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Pursuant to this inherent power, the Court has "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "It is clear that this inherent power includes the authority to sanction procedural impropriety in an appropriate manner, including by striking impertinent documents from the docket." *Wright v. Am.'s Bulletin, No*. CV 09-10-PK, 2010 WL 816164, at *13 (D. Or. Mar. 9, 2010) (slip copy) (citing, inter alia, *Chambers*, 501 U.S. at 44–45). The Court recognizes,

however, that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

*Chicago Insurance Company v. City of Council Bluffs, Iowa*, 2012 WL 13018889 * 2 (S.D. Iowa 2012).

### III. Plaintiff's Motion to Compel Discovery

8. To date, Plaintiff has filed at least five Motions to Compel Discovery (Docs 42, 51, 92, 96 and 99). Most if not all of them are directed to one of two things: (1) Issues that were specifically rejected by the Court in its Initial Review Order (e.g. Ombudsman issues); or (2) Issues that were never raised in his Complaint (e.g. failure to train and supervise).

9. His most recent Motion was purportedly deposited in the prison mail system on October 4, 2024, and filed on October 17, 2024 (Doc 99).

10. Motions to Compel Discovery must be filed, "as soon as practicable" and "except for good cause shown," within 14 days of the Discovery Deadline. L.R. 37(c).

11. In this case, the deadline for filing a Motion to Compel Discovery was September 18, 2024.

12. The current Motion addresses Plaintiff's unhappiness with Defendants' Response to his Second Request for Production of Documents.

13. This Response was served on <u>August 12, 2024</u>. (See Doc 101-4, p. 8).

14. Plaintiff has not explained why it has taken him more than two months to file the current motion.

15. A "scheduling order 'may be modified only for good cause and with the judge's consent.' Fed.R.Civ.P. 16(b)(4)." *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 286 F.R.D. 423, 424 (N.D. Iowa 2012).

16. "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Id*. (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir.2006)).

17. Plaintiff's conclusory allegation that he has shown good cause fails to meet this standard. Since the disputed Responses were served on August 12th, he has had time to file 18 different pleadings, motions and "pro se correspondence," none of which suggest diligence as it relates to the status of the disputed Response or any of the issues in this case.

18. Rather, Plaintiff continues to demonstrate his inability to focus on the issues in the pending case.

19. Beyond the issue of timeliness is the question of relevance.

20. Paragraph 1 of the current Motion seeks information about documentation that shows Plaintiff was assigned to a particular cell while he was "at hospital," after he was assaulted by another inmate. Plaintiff offers no explanation for why this information is relevant to his claim that Defendants failed to protect him from the assailant.

21. In Paragraph 2 of the current Motion, Plaintiff complains that a document relating to complaints about his behavior is redacted. The unredacted portion of the document is responsive to Plaintiff's request. The redacted portion relates to other inmates and has nothing to do with Plaintiff's request.

22. Defendants' objection to the Request on p. 3, Paragraph 8 of Exhibit 71 speaks for itself.

23. At is relates to Paragraph 4 of the current Motion, Plaintiff neglects to inform the Court that Defendants have produced a copy of every video recording of a pastor visit it has.

4

24. Plaintiff's 5th Motion to Compel Discovery is untimely. He has failed to demonstrate good cause for yet another late motion. His procedural impropriety should be sanctioned. The pending Motion to Compel should be stricken.

### IV. Motion for Partial Summary Judgment

25. On October 17, 2024, Plaintiff filed a Motion for Partial Summary Judgment with respect to his 14th Amendment failure to protect claim (Doc 101).

26. The dispositive motion deadline was October 4, 2024 (Doc 62).

27. His excuse this time is that he had everything ready to deposit in the "institution mailbox" on October 4th, but he was refused access to "Legal Copy," indicating that he *did not* deposit his Motion in the prison mail system that day. He was taken to lockup for resisting.

28. Plaintiff states that his "case manager … has known of [his] deadlines for weeks." (Doc 98). This confirms that Plaintiff has known of his deadlines for weeks.

29. He fails to explain how it was that he was supposedly able to deposit his Motion on the 4th anyway, (see "Certificate of Service," Doc 101, p. 3), when he was taken to lockup for his behavior. His pleadings were not actually mailed until October 11, 2024 (Doc 98, p. 2).

30. It is clear from the record that Plaintiff falsely certified depositing his Motion in the institution mail system on October 4th. The cover letter to the Clerk (Doc 98-the "motion" seeking an extension) is a clear indication that none of this was actually deposited until sometime after Plaintiff wrote his cover letter on October 8th.

31. Plaintiff's Motion for Partial Summary Judgment should be stricken as untimely.

### V. Request to Stay Response Time

32. Defendants request that the time for responding to these motions (Docs 99 and 101) be stayed until the Court has an opportunity to consider and rule on this Motion to Strike,

and/or Plaintiff's Motion for Extension (Doc 98), so as to avoid the possibility of spending countless additional hours responding, should a response ultimately be unnecessary.

WHEREFORE, Defendants pray for:

a. An Order Striking Plaintiff's Motion to Compel Discovery as untimely;

b. An Order Striking Plaintiff's Motion for Partial Summary Judgment as untimely; and

c. An Order delaying the start of any response time for Defendants' Resistance to the pending Motions until the Court has an opportunity to consider and rule on Defendants' Motion to Strike, and or his Motion for Extension.

Respectfully submitted,

*/s/ Douglas L. Phillips*

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax
ATTORNEYS FOR DEFENDANTS

Copy to:

Marvin Lynn Hildreth, Jr., # 6338040
Clarinda Correctional Facility
2000 N. 16th Street
Clarinda, IA  51632

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on ___10.21_____, 2024.
By: __x__ U.S. Mail          _____ facsimile
     _____ Hand delivered    _____ Overnight courier
     _____ Email             _____ ECF

Signature __/s/ Douglas L. Phillips_____