IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA-WESTERN

| HILDRETH | Motion for Reconsideration of Doc. 108 |
| --- | --- |
| v. | |
| SHEEHAN, ET. AL., | CASE NO. #5:23-cv-04010-LTS-KEM |

Comes Now, The Plaintiff Acting Pro Se, And makes this his motion for Magistrate Mahoney to reconsider select aspects of Her findings on October 25 in Document 108. Plaintiff asks for reconsideration on the following:

1.) Regarding P.3 of Doc. 108, Plaintiff does not know, and does not understand what a "Proposed Amended Pleading" is, and has tried to comply with LR 15 to the best of his knowledge. The Plaintiff has sought Counsel numerous times, has tried to obtain his own Counsel with no luck, and still sits Pro Se with no understanding of what he is doing wrong. The 8th circuit has ruled when prisoner-litigants operate Pro Se, Counsel should be appointed, or strict procedural rules should be relaxed. Williams v. Carter, 10 F.3d 563, 567 (8th cir. 1993). Plaintiff would like to ask Magistrate Mahoney to reconsider, and relax this strict procedural rule to some degree.

2.) Regarding P.3 of Doc. 108, Plaintiff has filed a petition for a panel rehearing on his appeal. It was/is Plaintiff's understanding that the appeal was still on-going since the motion to dismiss was denied in part, and granted in part — and since there was a petition filed for rehearing.

3.) Regarding P.5 of Doc. 108, Plaintiff wants to clarify

that it is Not Cara Newman's, or Any of The defendants position that it was policy only 1 Pastor could come visit. This was Just a "Belief" That Newman had, which is what Makes her training relevant to these claims, To know where that Belief came from, or was she Acting on her own Accord, ETC. See n.5 on P.5, Doc. 108.

4.) On p.6 of Doc. 108, Plaintiff solely wants to Clarify that his Pastor Josh, was JOSH Nink, NOT Mink.

5.) Regarding p.8 of Doc. 108, Paragraph 2 — The Plaintiff Argued in his motion to compel That opening, And reading, his ombudsman mail (which contains grievances About officers) was A Motivating factor for Retaliation That The Plaintiff suffered. The opening, And reading, of This protected Mail —under Iowa's Statute 2C.14— even After Being warned By citizen's Aide office of its Secure Protected Nature, is A Motivating factor For Retaliation for filing/Lodging complaints or grievances Against Officers at The Jail. Which is what Plaintiff Alledged in his initial complaint. See Page 2 of his September 27 motion to compel under n.1. Attached as Exhibit #78. Plaintiff must prove That his complaints, or grievances, lead to Adverse Action. Thus he must prove they were Wrongfully read/opened By Staff, which created The Motivating Facto

Plaintiff Prays Magistrate Mahoney will Reconsider this on the grounds of Motivating factor for Retaliation, Not Mail Claims.

EXHIBIT #78        ②        Motion to Compel
                                      SEPT 27

## ADMISSIONS

for The Admissions Request Questions, please Refer to Plaintiffs Prior submitted Exhibit "J" As the Plaintiff Does Not have the funds to Copy defendants Supplemented Answers, or to Recopy the <u>Exhibit "J" P.1-15.</u> Also Refer to Doc. 19 for full questions.

1.) Harlow # 4,5,6,7, — These Questions Can Be found in Plaintiffs original Request filed AS Doc 19. These Questions Relate to the Case And Prove A Pattern of Deliberate in Difference — Needed By Plaintiff To Prevail on The Merits. While The Plaintiff's ombudsman Claims were Not Allowed to proceed, his legal mail Claims were — As well As his Retaliation Claims. The Plaintiff Bases The Motivation for Retaliation in his Exhibit #3 Submitted with initial complaint. He States the Policy Allowing officers to open And See his Complaints to The ombudsman was The Cause, or Motivating factor, for Retaliation By officers. These Questions Are Needed To Prove motivation for The retaliation Claims, And The Recklessness And deliberate indifference Shown By Staff Towards the Plaintiffs Mail Rights. While Not on trial for ombudsman Mail, Defendants Are on trial for Legal Mail, And These Questions Show the Pattern of Violations of State-created Liberties And Mail Rights, which help lay a foundation at trial And prove the likelyhood of Retaliation, And federal Mail Law Violations.

③  Reconsider Doc 108

6.) P.11 of Doc. 108, Paragraph 2. Plaintiff urges Magistrate Mahoney to reconsider the failure to protect claim as No where in Doc. 50 (July 18 order) does it say Any part of the claim was Dismissed. in fact, p.6 of Doc. 50 - Paragraph 1 (id at 4) states "that staff failed to take any reasonable steps to protect me." than Judge Strand goes on to say "in view of Hildreth's clarification of his original filing, Explaining that his Allegation is That Defendants unlocked his cell door, And The fact intensive Nature of The Claim, I will vacate That portion of The initial Review order dismissing The failure to protect claim And Allow that Claim to proceed past initial Review." Plaintiff Takes This to state the whole failure to protect claim was initially denied, Now the failure to protect claim is Allowed to proceed. Nowhere does Judge Strand specify only 1 portion of failure to protect can proceed. Defendants knew Plaintiff had enemies prior to Assault. They failed to Take Any Reasonable steps to Protect Plaintiff. P. 17 of Doc. 50, At n.1 clearly states "Reconsideration is granted to Allow his failure to protect Claim to proceed." This Should mean his Claim, Thee entire Claim.

7.) P.11 of Doc. 108, Paragraph 5. Plaintiff wants to clarify And Ask Magistrate Mahoney to reconsider this Question. Any time an inmate is Removed from the Confines of the Jail, There has to be some documentation of it. Officers cannot just pull Any inmate out And drive them Around at their any call. Some signed order, or documentation MUST Exist, granting

or Authorizing Plaintiff to Be removed from The Jail, And Taken to the hospital. Plaintiff, in his compell motion, was stating that Plaintiff Does Not Believe That No Documentation Exists. IT MUST EXIST, otherwise Any time Staff wanted—They could JUST Remove inmates from Jail. IF Any documentation Exists—Defendants Should Be compelled to disclose it, or STATE why it does NOT EXIST.

8.) P. 13 of DOC. 108. Magistrate Mahoney states that "the Court Allowed Hildreth's Claim to Proceed based on his Allegation that He Was put in Segregation for filing grievances." Plaintiff Asks Magistrate Mahoney to reconsider this. DOC. 5, P. 11 states "Hildreth Alleges that defendant's retaliated Against him, including Putting him in Segregation for 8 months." They retaliated in multiple other ways, Not only Placing him in Segregation, And No where does Judge Strand Say his Retaliation Claim Can Solely Proceed on only the merits of Placing him in segregation. P. 1 of <u>Exhibit #3</u> Attached to initial Complaint, Lays out that since "Staff knew about my various complaints Against them... Lead to retaliation and Harassment By Staff." <u>P. 2 of Exhibit #3</u> also Lays out that the Acts of retaliation Co-erced Plaintiff to take Plea deal to Leave defendant's Custody. The retaliation claim goes further than Just Being Placed into Segregation, And Magistrate Mahoney Should Reconsider And Acknowledge this.

9.) P. 14 of DOC. 108. Plaintiff Clarifies that the August 5th Lockdown was Not An Entire Jail-Wide Lockdown. It only related to the plaintiff, Since he filed a grievance on Sgt. Wersal Which

Does form the Basis of Retaliation claim Against plaintiff. Defendants Used the Excuse that Plaintiff "was By fire door" to Lock him down, A Punitive Measure, when he was on The Phone with his Mother. The Phones Are Located 6-12 inches Away from the "fire door" Between the units. This is relevant to retaliation, And Shows that the real Motivating Factors were The grievances Lodged By plaintiff — Not Being By "fire door" which is where the Phones Are Located. If Compelled to produce This Discovery, it will Show Plaintiff's claims of retaliation Are "more likely than not" True. Plaintiff urges Magistrate Mahoney to Reconsider This, And prays She will compel the Defendants to Provide This info/discovery.

Wherefore, the Plaintiff Prays That Magistrate Mahoney, or the Courts will grant This motion, And reconsider The issues at hand in the foregoing.

Respectfully Submitted,
on 11-8-24, By
Marvin Hildreth #6338040
Clarinda Correctional Facility
2000 W. 16th St.
Clarinda IA 51632

## CERTIFICATE OF SERVICE

The undersigned certifies that he has mailed a True and correct copy of The foregoing To The Defendants Counsel of Record, And the U.S. District Court (Addresses Below) By Placing Same in the United States Mail at the Clarinda Correctional facility, 2000 W. 16th St., Clarinda IA 51632 on this 8 day of November 2024.

Marvin Hildreth

TO: Klass Law Firm, LLP
4280 Sergeant Rd
STE 290
Sioux City IA 51106

U.S. District Court
320 - 6th St.
RM 301
Sioux City IA 51101


EXHIBIT #74

# CONFIDENTIAL
## Iowa Department of Corrections
# WARDEN APPEAL RESPONSE

Offender Name: Hildreth Jr., Marvin Lynn     Offender No.: 6338040
Grievance No.: 67659

### Appeal Action

(A) ___ Appeal contents are unclear (provide more facts)
(B) ___ Extension necessary
(C) ___ Grievance appeal untimely pursuant to policy
(D) ___ Have not followed proper procedure
(E) ___ Non-grievable matter
(F) _X_ Response provided
(G) ___ This issue has been previously grieved
(H) ___ Use appropriate appeal form (complete all information)
(I) ___ Valid appeal response previously completed

### Decision

(A) _X_ Denied
(B) ___ Partially Sustained
(C) ___ Sustained
(D) ___ Withdrawn

### Response

The appeal process has concluded and I am denying the appeal. I have reviewed the Grievance Officer's investigation. The grievance officer's response was very detailed in explaining her decision and I support the response provided. She identified the corrected date as 10/14/2024.

Your flash drives are stored in records, and will remain there until your release or transfer to another facility.

You have 15 days to submit any further appeals. Please see the information below for details.

Date Returned to Offender: 10/17/2024
Response Person:

Aaron Sharr
Deputy Warden
Clarinda Correctional Facility

Appeal Rights:

Iowa Department of Corrections     Page 1 of 2     10/17/2024

Case 5:23-cv-04010-LTS-KEM    Document 118    Filed 11/20/24    Page 7 of 7