IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA-WESTERN

| HILDRETH |
| V. |
| SHEEHAN, ET. AL., |

Motion To Appoint Counsel

Case No. # 5:23-CV-04010-LTS-KEM

Comes Now, The Plaintiff Acting Pro SE, And makes this his Motion to Appoint Counsel. In Support, Plaintiff states the following:

1.) The Plaintiff is An incarcerated, Pro-SE, indigent Prisoner-Litigant. He is Not Educated, Has No Background in Law, And is Not Known As A "Jail House Lawyer".

2.) The record on This Case Has Substantially Developed Since Plaintiff's Last Request For Appointment of Counsel.

3.) Since the record has developed, Video footage has Been requested, And Supposedly Sent By defense Counsel. Plaintiff Cannot View this footage -At All- Due to his incarceration. SEE Exhibit #74

4.) Not Being Able to View, or Present, Evidence Severely Prejudices The Plaintiff - thus Warranting The Appointment of Counsel.

5.) Plaintiff has Submitted his witness List for his intended Witnesses. Plaintiff's witnesses, At Least Some of them, Are incarcerated And Plaintiff Can Not Contact them. Not Being Able to Call Any Potential Witnesses Proving his claims Severely Prejudices The Plaintiff - Especially This Far into The Claim.

6.) The Dispositive Motion Deadline, And discovery deadline has passed, Leaving only a Hearing To schedule a Trial Date, And then Trial itself.

7.) Plaintiff would Need to call witnesses And cross-examine State witnesses, And Professional witnesses At trial in This matter. Plaintiff would have to present Medical findings That He does Not understand — Thus warranting Appointment of counsel

8.) Plaintiff has filed a complaint That Has survived the initial Review, And Multiple Requests to Be dismissed By defendants.

9.) The Filed complaint is Non-Frivolous, And the case Has progressed Beyond the Abilities of The Pro Se incarcerated Plaintiff — who cannot Review evidence in This matter Due to Penal Restrictions. SEE Exhibit #74

10.) As The defendants Argue "there is No Direct 8th cir. Caselaw identical To This case", it is indicated that the factual and Legal issues Are sufficiently complex to Justify the Appointment of Counsel.

11.) Strict procedural requirements have Not Been relaxed, And the record Keeps Demonstrating Such, As Plaintiff's failure to ~~etee~~ electronically file Amended Pleadings Pursuant to LR 15 Keep getting his motions denied, And counsel has Not Been Appointed. Counsel

Should Be Appointed Pursuant To Findings in Williams V. Carter, 10 F.3d 563, 567 (8th Cir. 1993)

12.) The record clearly indicates that Appointment of Counsel would Be of great Benefit To The Plaintiff, By Allowing him to review video And Audio footage, And To Contact his witnesses. THE Court's would Benefit The Appointment of Counsel, As it would Smooth out the Pleadings, filings, And Hearings.

13.) Without counsel Plaintiff has No Access to Reviewing his Evidence. The Plaintiff, Not Being Able To Review evidence, creates A Severe Prejudice to The Plaintiff.

14.) Plaintiff has Proven Viable Reasons for the Court to Authorize Appointment of Counsel in This case.

Wherefore, The Plaintiff Prays The court grant him this relief By Appointing Some form of Legal Representation - Being an Attorney, Paralegal, or Law Clerk. Or any other form of relief the Court Can deem Necessary.

Respectfully Submitted,
on 11-8-24, By
Marvin Wildreth #6358040
Clarinda Correctional Facility
2000 N. 16th St.
Clarinda IA 51632

## CERTIFICATE OF SERVICE

The undersigned certifies that he has mailed a true and correct copy of the foregoing to the Defendants' counsel of record, and the U.S. District Court (Addresses Below) by placing same in the United States Mail at the Clarinda Correctional Facility, 2000 N. 16th St, Clarinda IA 51632, on this 8 day of November 2024.

Marvin Hildreth

To: Klass Law Firm, LLP
4280 Sergeant Rd
Ste 290
Sioux City IA 51106

U.S. District Court
320- 6th St.
Rm 301
Sioux City IA 51101-1210