# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MARVIN LYNN HILDRETH, JR.,

    Plaintiff,

vs.

CHAD SHEEHAN, et al.,

    Defendants.

No. 23-CV-4010-LTS-KEM

**ORDER**

---

Plaintiff Marvin Lynn Hildreth, Jr., proceeding pro se, moves for reconsideration of my order on his motion to compel. Doc. 118. Defendants resist the motion. Doc. 120. Most of Hildreth's arguments do not warrant addressing beyond what I have already stated. Doc. 108. Hildreth's reconsideration motion does clarify one fact the court misunderstood, however.

The original order on the motion to compel stated:

> Hildreth also asks where phones are located in all pods in relation to the fire door and for pictures or schematics of the phones' locations. He argues this information is "relevant to the August 5 lockdown plaintiff is claiming as retaliatory conduct by defendant." I fail to see the relevance. Further, it does not seem to the court that an entire jail-wide lockdown forms the basis of Hildreth's claims of retaliation against him.

Doc. 108. Hildreth clarifies that the August 5 lockdown "was not an entire jail-wide lockdown," but "related only to the plaintiff, since he filed a grievance on [Sergeant] Wersal which does form the basis of [the] retaliation claim." Doc. 118. Hildreth claims Defendants "used the excuse that Plaintiff 'was by fire door' to lock him down . . . when he was on the phone with his mother." *Id*. Hildreth states that the phones are "6-12 inches away from the 'fire door' between the units." *Id*. Thus, Hildreth argues that the phone's relative location to the fire door is necessary to rebut Defendants' proffered

reason for placing him in lock down and to show that their motives were instead retaliatory.

Hildreth's explanation does show the relevance of his requested discovery seeking the location of phones relative to fire doors. To protect any security concerns of Defendants, they need not provide maps or pictures, but they should answer in writing to state the distance in inches or feet of the fire doors from the phones in Hildreth's pod.

Hildreth's other asserted errors with the court's prior order either lack merit or do not provide a reason for the court to grant Hildreth any additional discovery beyond what the court already compelled. Therefore, Hildreth's motion to reconsider is otherwise denied.

The court **GRANTS IN PART AND DENIES IN PART** Hildreth's motion to reconsider (Doc. 118). By **December 13, 2024**, Defendants must provide Hildreth with information about the distance of the fire doors to the phones as provided in this order.

**The Clerk of Court will mail a copy of this order to Plaintiff Hildreth, proceeding pro se**.

**SO ORDERED** November 25, 2024.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa