## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

MARVIN LYNN HILDRETH, JR.,

        Plaintiff,

vs.

CHAD SHEEHAN, *et al.*,

        Defendants.

No.  C23-4010-LTS

**ORDER REGARDING THE APPOINTMENT OF COUNSEL**

---

This matter is before me on plaintiff Marvin Hildreth's pro se motion (Doc. 119) to appoint counsel.  On February 27, 2023, Hildreth filed a pro se 28 U.S.C. § 1983 complaint (Doc. 1-1) and a pro se motion for leave to proceed in forma pauperis (Doc. 1).

In my March 29, 2024, initial review order (Doc. 5), I allowed Hildreth's free exercise, mail and retaliation claims to proceed, but dismissed Hildreth's claim for failure to protect, claims against Woodbury County Jail and claims against defendants in their official capacities.  In addition, the order denied Hildreth's motion (Doc. 4) to appoint counsel without prejudice.  Hildreth then filled the docket with a plethora of motions and other filings, including a second pro se motion (Docs. 14, 18) to appoint counsel.

On July 18, 2024, I granted in part Hildreth's motion to reconsider to allow his failure to protect claim to proceed after Hildreth clarified his allegations in that claim.  Doc. 50.  I denied several other motions, including his second pro se motion to appoint counsel.  *Id.*  On July 24, 2024, Chief United States Magistrate Judge Kelley K.E. Mahoney issued an order on numerous discovery motions filed by Hildreth.  Doc. 62. Judge Mahoney issued additional orders on motions filed by Hildreth on October 25, 2024.  Docs. 108, 109.  Hildreth, again, has inundated the court with numerous motions.

On November 20, 2024, Hildreth filed a third pro se motion (Doc. 119) to appoint counsel.

Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "The [district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants. *Phillips*, 437 F.3d at 794." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

> When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

*Redwing*, 146 F.3d at 546; *see also Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (stating that the court should consider: (1) the factual complexity of the issues; (2) the ability of the plaintiff to investigate the facts; (3) the existence of conflicting testimony; (4) the ability of the plaintiff to present their claims; and (5) the complexity of the legal arguments). Those factors are not exclusive and the court may consider other issues. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 891 (8th Cir. 2020) (reversing the district court's denial of a motion to appoint counsel after finding that the plaintiff presented "a serious claim" and the "the case otherwise cannot proceed to a timely decision on the merits" without the assistance of counsel).

In the time since I denied Hildreth's prior motions to appoint counsel, the parties have filed motions for summary judgment and discovery has proceeded. Hildreth argues in his current motion that "[t]he record on this case has substantially developed since [his] last request for appointment." Doc. 119 at 1. Specifically, Hildreth states that requested video footage was sent by defendants but he cannot view this video because of penal restrictions and that prejudices him. *Id.* Hildreth has provided documentation that

confirms the facility he is in will not allow him to view the videos and, in fact, has told Hildreth that the flash drive containing the videos will not be given to him until he is released from custody. Doc. 118 at 7. In addition, Hildreth asserts that some of his witnesses on his witness list are incarcerated and Hildreth cannot contact them. Doc. 119. Hildreth asserts that the appointment of counsel would "allow[ ] him to review video and audio footage, and to contact his witnesses." *Id*. at 2. After reviewing the pleadings, considering Hildreth's claims and the documentation confirming that he is not allowed to review certain discovery materials provided by defendants, I find that I am compelled to appoint Hildreth counsel. As such, Hildreth's motion to appoint counsel (Doc. 119) is **granted.** The Clerk's office is **directed** to appoint counsel for Hildreth.

As noted above, Hildreth has inundated the court with pro se filings throughout this case. Now that the court is granting his request to appoint counsel, Hildreth is put on notice that once an attorney has entered an appearance on his behalf, the court will consider *only* motions and pleadings filed by the attorney. Pro se motions filed by Hildreth will be summarily denied and pro se notices and other correspondence from him will be placed on the docket but otherwise disregarded.

Finally, once an attorney has entered an appearance on Hildreth's behalf, counsel for the parties are directed to confer and to advise Judge Mahoney's chambers if they believe a status conference would be helpful to secure the just, speedy and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

      **IT IS SO ORDERED** this 26th day of November, 2024.

 

_____
Leonard T. Strand
United States District Judge

3